UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA          CASE NO. 16-cr-00214-05

VERSUS                            JUDGE FOOTE

LIONEL KOONS (05)                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Lionel Koons ("Defendant") and five co-defendants were charged with 32 counts, including conspiracy, making false statements, and wire fraud. The charges pertain to the mishandling and/or storage of military munitions on the premises of Explo Systems in Minden, Louisiana. Defendant pleaded guilty to one count of making a false statement (Count 26). Judge Foote entered a judgment sentencing Defendant to 41 months imprisonment and ordering him to pay $92,921.00 in restitution to the Government. Doc. 220.

Following sentencing, the Government filed two writs of garnishment against Defendant and garnishees Barksdale Federal Credit Union and Metropolitan Life Insurance. Barksdale answered the writ, advising that Defendant had two checking accounts and three savings accounts. As a result of the garnishment, a hold was placed on funds in those accounts in the amount of $21,417.89.

Before the court is Defendant's **Motion to Quash** Writ of Garnishment and Motion for Protective Order to Preclude Seizure of Assets (Doc. 264). Defendant's motion seeks

an order that those funds be released, and that the Government be precluded from seizing additional monies deposited into the Barksdale accounts.

Defendant argues that the judgment provides that he is to pay monthly payments at a rate of not less than 20% of his monthly income beginning within 30 days of commencement of his supervised release. Defendant asserts that permitting the Government to execute the full amount of the restitution would disrupt the court's payment schedule. Alternatively, Defendant alleges that the hold placed on his accounts creates a substantial hardship to his wife, who suffers from serious health conditions and is unable to have gainful employment. With Defendant in custody, Defendant argues that the funds in the Barksdale accounts are the only funds available to Mrs. Koons for the costs of daily living.

Defendant's motion is **denied**. The judgment entered by Judge Foote did not merely set up a payment plan for restitution following Defendant's release from prison, as Defendant's motion implies. Rather, the judgment was clear that the lump sum of the restitution is "due immediately," with the monthly payments beginning within 30 days of supervised release *only if the restitution is not paid prior to the commencement of Defendant's supervised release*. Doc. 220. Judge's Foote's oral pronouncement at sentencing also confirmed that she intended restitution to be due immediately. Doc. 235, Tr. p. 117 of 173.

None of the arguments with regard to the medical condition of Defendant's wife or her monthly income provide a legal basis to change Defendant's restitution obligation. See 18 U.S.C. § 3664(f)(1)(A). Indeed, Judge Foote was aware of Defendant's financial

condition, which was accurately portrayed in the PSR. The financial resources and assets of Defendant were taken into account at sentencing as required by 18 U.S.C. § 3664 (f)(2). To that end, Judge Foote exercised her discretion at sentencing not to impose any fine on Defendant.

In <u>United States v. Diehl</u>, 848 F.3d 629 (5th Cir. 2017), the Court addressed a similar situation in which a defendant was ordered to pay a $1,000 fine and a $1,000 special assessment. The written judgement stated that the payment of the special assessment "shall begin immediately," and that, if the defendant was unable to pay his fine immediately, he should "make payment in full as soon as possible, including during any period of incarceration." The Government sought an order requiring the Bureau of Prisons to turn over funds in the defendant's inmate trust account. The defendant argued that his participation in the Inmate Financial Responsibility Program and adherence to its payment schedule precluded the Government from using other available collection mechanisms to seek payment of the monetary penalties. Upholding the district court's decision to grant the application, the Fifth Circuit stated that the Government may pursue immediate payment or adjusted enforcement of restitution so long as the judgment contains nothing to the contrary. <u>Diehl</u>, 848 F.3d at 634, citing <u>United States v. Schwartz</u>, 503 Fed. Appx. 443,446 (6th Cir. 2012) (holding that when judgment provided that restitution be paid immediately, but also provided for a payment schedule, garnishment was appropriate).

Defendant's arguments simply do not provide justification for this court to order the Government to cease collection efforts for Defendant's outstanding restitution obligation.

Accordingly, Defendant's Motion to Quash Writ of Garnishment and Motion for Protective Order to Preclude Seizure of Assets (Doc. 264) is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge